# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. COLEEN ELMERS,<br>    Petitioner,<br><br>        v.<br><br>DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>    Agency. | DOCKET NUMBER<br>CB-1208-15-0007-U-2<br><br><br>DATE: January 12, 2015 |

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Julie Figueira, Esquire, Washington, D.C., for the petitioner.

Nadine Scott, Esquire, Seattle, Washington, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## ORDER ON STAY REQUEST

¶1      Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 45-day extension of the previously-granted stay of the agency's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

termination of petitioner, Coleen Elmers. For the reasons discussed below, OSC's request is GRANTED, and the stay is extended through February 28, 2015.

## BACKGROUND

¶2 On November 26, 2014, OSC filed an initial request for a 45-day stay of the proposed termination of Ms. Elmers, a Nurse Manager with the Department of Veterans Affairs (the agency). MSPB Docket No. CB-1208-15-0007-U-1, Stay Request File (SRF), Tab 1. On November 28, 2014, before the Board acted on OSC's initial stay request, the agency effectuated the probationary termination of Ms. Elmers.[2] *See* SRF, Tab 5 at 1-2, 4.

¶3 On December 1, 2014, Member Mark A. Robbins granted OSC's initial 45-day stay request and ordered the reinstatement of Ms. Elmers, finding that OSC's factual allegations provided reasonable grounds to believe that the agency proposed Ms. Elmers's termination based on a protected disclosure in violation of 5 U.S.C. § 2302(b)(8).[3] SRF, Tab 2. On December 29, 2014, OSC filed a timely request to extend the stay for an additional 45 days. MSPB Docket No. CB-1208-15-0007-U-2, Stay Request Extension File (SREF), Tab 1. To date, the agency has not filed a response in opposition to the extension request.

## ANALYSIS

¶4 A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued in order to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id.* In evaluating a request for an

[2] Ms. Elmers was reportedly serving a 2-year probationary period, set to expire on December 1, 2014. *See* SRF, Tab 1 at 1.

[3] The initial stay request was to remain in effect from December 1, 2014, through January 14, 2014. SRF, Tab 2 at 3. Any request for extension was due on or before December 30, 2014, and any agency comment on such a request was due on or before January 6, 2015. *Id*. at 4.

extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id*. at 158.

¶5    In its initial stay request and the request for extension currently before the Board, OSC alleges that Ms. Elmers filed a complaint with the agency's Office of Inspector General in July 2014 concerning a fraudulently-altered performance evaluation, and that her supervisory chain became aware of the same. SRF, Tab 1 at 2-3, 5-6; SREF, Tab 1 at 6-7, 9-10. OSC further alleges that in October 2014, Ms. Elmers' performance was rated as unsatisfactory, and she was charged with lack of candor, failure to follow instructions, and inappropriate behavior for a management official. SRF, Tab 1 at 3-4; SREF, Tab 1 at 8. This reportedly resulted in Ms. Elmers' November 28, 2014 probationary termination. SRF, Tab 1 at 1-2; SREF, Tab 1 at 7-8. Accordingly, OSC alleges that it has a reasonable belief that the agency terminated Ms. Elmers in retaliation for her whistleblowing. *E.g*., SREF, Tab 1 at 6 (citing 5 U.S.C. § 2302(b)(8)).

¶6    OSC asserts that there has been no material change in the evidentiary record and that it requires additional time to continue the investigation. SREF, Tab 1 at 6, 12. Specifically, OSC maintains that it has requested documentation from the agency and it will require more time to review that which the agency provides in response. *Id*. at 12. Furthermore, OSC indicates that it requires additional time to conduct interviews with several agency officials and to possibly visit the agency's Mann-Grandstaff facility for an on-site inquiry. *Id*. To date, the agency has not filed any opposition to OSC's request for an extension of the stay. Under the specific circumstances of this case and in light of the fact that the evidentiary record supporting OSC's initial stay request has not changed since Member Robbins granted the initial stay, we find it appropriate to extend the stay until February 28, 2015. *See Special Counsel ex rel. Waddell v. Department of Justice*, 103 M.S.P.R. 372, ¶ 5 (2006).

## **ORDER**

¶7        Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 45-day extension of the stay is hereby GRANTED.  It is hereby ORDERED that:

(1) The terms and conditions of the stay issued on December 1, 2014, are extended through and including February 28, 2015;

(2) Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(3) Any request for a further extension of the stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with any evidentiary support, on or before February 13, 2015.  *See* 5 C.F.R. § 1201.136(b).  Any comments on such a request that the agency wishes the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be received by the Clerk of the Board, together with any evidentiary support, before February 20, 2015.  *See* 5 C.F.R. § 1201.136(b).


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.